UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BLACKTHORN AND CROWN LTD.,

        Plaintiff,

v.

CIRKUL, INC.,

        Defendant.

_____/

CASE NO.:

## COMPLAINT
### (Demand for Jury Trial)

Plaintiff, Blackthorn and Crown LTD ("Plaintiff" or "Blackthorn") hereby alleges as follows for its complaint against defendant Cirkul, Inc. ("Defendant" or "Cirkul").

## THE PARTIES

1. Plaintiff Blackthorn is a company organized under the laws of Cyprus and with a principal place of business at 115B Spyrou Araouzou Continental Building, 3036 Limassol, Cyprus.

2. Defendant Cirkul is, on information and belief, a corporation organized under the laws of the State of Florida and having a principal place of business at 3620 Queen Palm Drive, Tampa, FL 33619.

## JURISDICTION AND VENUE

3. This Complaint arises under 35 U.S.C. §§ 271 et seq. This Court has original subject matter jurisdiction pursuant to U.S.C. §§ 1331 and 1338(a).

1

4.     Defendant sells the products at issue in this litigation via its website (https://drinkcirkul.com/), Amazon.com, and various retail stores, to consumers in this District, throughout the State of Florida, and throughout the United States.

5.     This Court has personal jurisdiction over Defendant because it resides in this District. In addition, this Court has personal jurisdiction over Defendant because it conducts business in this District; has purposefully availed itself of the rights and benefits of Florida law; and has substantial, continuous, and systematic contacts with the State of Florida and this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

7.     On June 12, 2015, applicant Samantha Claire Brook-Chrispin filed a United States Patent Application, Serial No. 14/652,053, titled "CLOSURE ARRANGEMENTS FOR LIQUID CONTAINERS, LIQUID CONTAINER ASSEMBLY, AND THE LIKE." On November 26, 2019, the application was duly and lawfully issued by United States Patent and Trademark Office as U.S. Patent No. 10,486,869 ("'869 Patent"). A true and correct copy of the '869 Patent is attached hereto as Exhibit A.

8.     The '869 Patent claims priority to PCT Application No. PCT/GB2013/053297, filed December 13, 2013, and to Great Britain Patent Application No. GB1222658.5, filed December 14, 2012.

9.      Plaintiff owns all right, title, and interest in and to the '869 Patent by way of assignment, including the right to bring suit, recover damages, and obtain injunctive relief for past, present, and future patent infringement.

10.     The '869 Patent is valid and enforceable.

11.     Cirkul is offering to sell and/or selling its Cirkul SIP® cartridges and products incorporating Cirkul SIP® cartridges within the United States and in this District.

12.     Cirkul is infringing the '869 Patent by making, using, selling, offering for sale, and/or importing into the United States Cirkul SIP® cartridges and products incorporating Cirkul SIP® cartridges.

13.     On March 12, 2026, Plaintiff sent Brian Henry, General Counsel of Cirkul, a notice letter by email informing Cirkul that Cirkul is infringing the '869 Patent.

14.     By at least March 12, 2026, Cirkul knew of the '869 Patent and knew that there was an objectively high likelihood that the continued sale of Cirkul SIP® cartridges and products incorporating Cirkul SIP® cartridges would constitute infringement of the '869 Patent.

15.     Cirkul has continued to offer for sale and sell Cirkul SIP® cartridges and products incorporating Cirkul SIP® cartridges. Cirkul's continued sales of Cirkul SIP® cartridges and products incorporating Cirkul SIP® cartridges have been willful, intentional, and have been made with conscious disregard for the '869 Patent.

## COUNT I – PATENT INFRINGEMENT

16.     Plaintiff realleges and incorporates by reference each of the above paragraphs 1 through 15 as though fully set forth herein.

17.     Cirkul's SIP® cartridges are designed to be inserted into an opening in a bottle and fastened to the bottle.[1]

18.     Cirkul's SIP® cartridges include a push-pull closure (shown at element "a" in Exhibit B) having a dispensing spout (shown at element "b" in Exhibit B).

19.     Cirkul's SIP® cartridges include a closure arrangement for a liquid container for a base liquid.

20.     Cirkul's SIP® cartridges include a reservoir (shown at element "c" in Exhibit B), including a reservoir spout, for an additive liquid.[2]

21.     Cirkul's SIP® cartridges include a passage for flow of liquid from the liquid container to a user, the passage including an inlet (shown at element "d" in Exhibit B).

22.     Cirkul's SIP® cartridges include a passage for flow of liquid from the liquid container to a user, the passage including an outlet (shown at element "e" in Exhibit B).

---

[1] *See* https://drinkcirkul.com/pages/getting-started.

[2] Figure 5 of Exhibit B is reproduced from Cirkul's U.S. Patent Application Publication No. 2024/0065299. Although the structures are not exact matches to the structure of Cirkul's SIP® cartridges, Figure 5 illustrates similar structures and the pathways of fluids in SIP® cartridges.

23. Cirkul's SIP® cartridges include a passage for flow of liquid from the liquid container to a user, and the passage includes a mixing space (shown at element "f" in Exhibit B) between the inlet (shown at element "d" in Exhibit B) and outlet (shown at element "e" in Exhibit B).

24. The mixing space (shown at element "f" in Exhibit B) of Cirkul's SIP® cartridges receives additive liquid from the reservoir and base liquid from a liquid container.

25. Cirkul's SIP® cartridges include a passage for flow of liquid from the liquid container to a user, the passage including an inlet and an outlet and a mixing space therebetween for receiving the additive liquid from the reservoir and the base liquid.

26. The reservoir (shown at element "c" in Exhibit B) of Cirkul's SIP® cartridges is in fluid communication with, and has a junction (shown at element "g" in Exhibit B) with, the mixing space (shown at element "e" in Exhibit B) at a position between the inlet (shown at element "c" in Exhibit B) and the outlet of the passage (shown at element "d" in Exhibit B).

27. The reservoir of Cirkul's SIP® cartridges is in fluid communication with, and has a junction with, the mixing space at a position between the inlet and the outlet of the passage.

28. The reservoir (shown at element "c" in Exhibit B) of Cirkul's SIP® cartridges is collapsible.

29. The reservoir of Cirkul's SIP® cartridges is collapsible.

30.    The volume of the reservoir (shown at element "c" in Exhibit B) of the Cirkul's SIP® cartridges decreases as a result of the additive liquid flowing therefrom due to a suction force caused by a user-induced flow through the passage.

31.    The claim chart attached as Exhibit C illustrates how Cirkul's SIP® cartridges meet each and every limitation of claim 1 of the '869 Patent.

32.    Cirkul's SIP® cartridges meet each and every limitation of at least claim 1 of the '869 Patent literally or under the doctrine of equivalents.

33.    Cirkul has been infringing and continues to infringe at least claim 1 of the '869 Patent by making, using, selling, or offering for sale in the United States, and/or importing into the United States, Cirkul's SIP® cartridges and incorporating Cirkul SIP® cartridges.

34.    Cirkul therefore directly infringes at least claim 1 of the '869 Patent under 35 U.S.C. § 271(a).

35.    Cirkul's acts of infringement of the '869 Patent have been without express or implied license under the '869 Patent, are in violation of Plaintiff's rights, and will continue unless enjoined by this Court.

36.    Cirkul's acts of infringement of the '869 Patent have been and continue to be willful.

37.    Cirkul's acts of infringement of the '869 Patent have irreparably harmed and will continue to irreparably harm Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Blackthorn respectfully requests that this Court provide Blackthorn the following relief:

A.    A judgment that Defendant Cirkul has infringed and continues to infringe one or more claims of the '919 Patent;

B.    A judgment that Cirkul's infringement of the '869 Patent has been willful;

C.    An order permanently enjoining Cirkul, its officers, agents, servants, representatives, and employees, and all persons acting in concert with them, and each of them, from infringing the '869 Patent;

D.    A judgment awarding lost profit and/or reasonable royalty damages adequate to compensate Plaintiff for Cirkul's infringement of the '869 Patent to be determined at trial;

E.    A judgment trebling damages pursuant to 35 U.S.C. § 284 for Cirkul's willful infringement;

F.    A judgment that this case is exceptional and that Cirkul be ordered to pay Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.    An order requiring Cirkul to pay pre-judgment and post-judgment interest to Plaintiff;

H.    An order requiring Cirkul to pay all costs associated with this action pursuant to 35 U.S.C. § 284;

I.    An order accounting for any infringing sales not presented at trial and awarding additional damages for any such infringing sales; and

7

J.     An order granting Plaintiff such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 12, 2026

/s/ *Richard E. Fee*
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

Local Counsel for Plaintiff,
Blackthorn and Crown Ltd.

and

Mark C. Johnson (0072625)
(*Pro Hac Vice Pending*)
Sarah L. Boone (098880)
(*Pro Hac Vice Pending*)
RENNER OTTO
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44113
(216) 736-3170
(216) 621-6165 (Facsimile)
mjohnson@rennerotto.com
sboone@rennerotto.com

Lead Counsel for Plaintiff,
Blackthorn and Crown Ltd.

8