UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| BLACKTHORN AND CROWN LTD.,<br>Plaintiff,<br>v.<br>CIRKUL, INC.,<br>Defendant. | NO. 8:26-cv-01730-WFJ-TGW<br><br>JURY DEMAND |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Cirkul, Inc. (hereinafter, "Defendant" or "Cirkul") answers the Complaint as follows:

**GENERAL DENIAL**

Cirkul Denies each and every allegation contained in the Complaint unless specifically stated herein.

**RESPONSE TO SPECIFIC ALLEGATIONS**

**THE PARTIES**

1. Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

2. Denied.

## JURIDICTION AND VENUE

3. Admitted.

4. Admitted.

5. Admitted.

6. Cirkul admits that venue is appropriate in this district but denies it committed any acts of infringement.

## FACTUAL BACKGROUND

7. Cirkul admits that the ‘869 Patent speaks for itself.

8. Cirkul admits that the ‘869 Patent speaks for itself.

9. Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

10. Denied.

11. Admitted.

12. Denied.

13. Cirkul admits that Plaintiff sent Cirkul a letter but denies the factual accuracy of said letter.

14. Denied.

15. Denied.

## COUNT 1 – PATENT INFRINGEMENT

16. Paragraph 16 is a statement of incorporation to which no response is

required. To the extent it is required, Cirkul incorporates its prior responses.

17. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

18. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

19. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

20. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

21. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each

allegation.

22. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

23. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

24. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

25. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

26. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each

allegation.

27. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

28. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

29. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

30. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

31. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each

allegation.

32. To the extent Plaintiff alleges incorporation of claim elements without proper claim construction, Cirkul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and, therefore, Denies each allegation.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## PRAYER FOR RELIEF

Cirkul denies that Plaintiff is entitled to any relief whosoever, either as prayed for in the Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Cirkul asserts the following defenses in response to the allegations in the Complaint assuming the burden of proof only as to those defenses required by law regardless of how such defenses are alleged herein. Cirkul reserves the right to allege additional defenses that become known through the course of discovery or otherwise.

**FIRST DEFENSE**

The Complaint fails to state a cause of action.

**SECOND DEFENSE**

Cirkul does not infringe the ‘869 Patent.

**THIRD DEFENSE**

The ‘869 Patent is invalid under one or more provisions of the Patent Laws, including 35 U.S.C. §§ 102, 103, and/or 112.

**FOURTH DEFENSE**

Plaintiff is estopped by representations and concessions made to the Patent Office from claiming infringement either literally or under the doctrine of equivalents.

**FIFTH DEFENSE**

Plaintiff is not entitled to injunctive relief because any alleged injury may be addressed by an adequate remedy at law.

**SIXTH DEFENSE**

Plaintiff damages and costs are limited by 35 U.S.C. §§ 286-88.

**SEVENTH DEFENSE**

Plaintiff’s requested relief is barred, in whole or in part, under principles of equity, including without limitation, unclean hands, waiver, or estoppel.

## EIGHTH DEFENSE

Plaintiff is not entitled to increased damages as any infringement, if any occurred, is not willful.

## NINTH DEFENSE

Plaintiff's requested relief is barred as Plaintiff's case is not exceptional under 35 U.S.C. § 285.

# COUNTERCLAIMS

## The Parties

1. Counterclaimant Cirkul, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 3620 Queen Palm Dr., Tampa, FL 33619.

2. Upon information and belief, Counterclaim Defendant Blackthorn and Crown Ltd. ("Blackthorn") is a company organized under the laws of Cyprus and with a principal place of business at 115B Spyrou Araouzou Continental Building, 3036 Limassol, Cyprus.

## Jurisdiction and Venue

3. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 101 et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. This Court has personal jurisdiction over Blackthorn, and venue is proper in this District, because Blackthorn has invoked the jurisdiction of this Court by filing its Complaint in this Court.

## Count I: Declaration of Invalidity

5. Cirkul incorporates by reference the preceding paragraphs of these counterclaims.

6. This Counterclaim is for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and seeks a declaration under the patent laws of the United States that the asserted claim(s) of the ’869 Patent are invalid.

7. This Counterclaim relates directly to claims asserted by Blackthorn in the Complaint.

8. Blackthorn asserts that the ‘869 Patent is valid and enforceable.

9. Cirkul contends that the asserted claims are invalid.

10. An actual controversy exists between the Parties under Article III of the United States Constitution as to the validity of the ‘869 Patent.

11. The asserted claims of the ‘869 Patent are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

12. On information and belief, one or more products, patents, or other printed publications, disclose each and every limitation of the asserted claims prior to the earliest effective priority date of the ‘869 Patent. Such prior art includes, but is not limited to, U.S. Pat. No. 7,544,786, U.S. Pat. App. No. 2001/0025859, U.S. Pat. No. 6,569,329, U.S. Pat. App. No. 2007/0138179, U.S. Pat. No. 5,178,291, and WO1997048617.

13. On information and belief, a person of ordinary skill in the art would have been motivated to combine one or more pieces of the prior art to achieve the asserted claims of the ‘869 Patent.

**Count II: Declaration of Non-Infringement**

14. Cirkul incorporates by reference preceding paragraphs 1-4 of these counterclaims.

15. Cirkul's products do not infringe any of the claims of the '869 Patent because they lack one or more required limitations of the claims, either literally or under the doctrine of equivalents.

**Count III: Declaration of Unenforceability of the '869 Patent**

16. Cirkul incorporates by reference the preceding paragraphs 1-4 of these counterclaims.

17. The listed inventors of the '869 Patent are Samantha Claire Brook-Chrispin, Kenneth Brook-Chrispin, and Jon Mason.

18. Upon information and belief, Samantha Claire Brook-Chrispin was substantively involved in the prosecution of the '869 Patent.

19. As a listed inventor, Samantha Claire Brook-Chrispin had a duty of candor to the Patent Office to disclose all relevant and known prior art.

20. Samantha Claire Brook-Chrispin is also the listed inventor on a prior foreign application, WO2011089417.

21. WO2011089417 is entitled "Flavoring Device"

22. WO2011089417 has a similar subject matter to the '869 Patent.

23. During prosecution of WO2011089417, the European Patent Office

cited a reference, WO1997048617, against Ms. Brook-Chrispin's "Flavoring Device."

24. The International Search Report, dated June 23, 2011, had an "X" reference for WO1997048617.

25. The "X" reference indicates that the reference was considered particularly relevant to patentability.

26. WO1997048617 discloses a beverage dispensing assembly that introduces an additive during dispensing.

27. WO1997048617 discloses a collapsible reservoir.

28. WO1997048617 discloses a reservoir within a casing or tubular body portion.

29. WO1997048617 discloses a pump means for dispensing the additive from the reservoir.

30. Upon information and belief, WO1997048617 was known to Ms. Brook-Chrispin prior to the filing of the U.S. application for the patent-in-suit.

31. Upon information and belief, Ms. Brook-Chrispin never disclosed WO1997048617 to the Patent Office during prosecution of the '869 Patent.

32. Upon information and belief, WO1997048617 is material to at least claim 1 of the '869 Patent because, if disclosed, the claims would have been rejected as obvious.

33. Upon information and belief, Ms. Brook-Chrispin deliberately withheld disclosure of the ‘869 Patent because she knew the adverse impact that such disclosure would have on prosecution of the ‘869 Patent.

34. As a result of Ms. Brook-Chrispin’s actions described above, the ‘869 Patent is unenforceable due to inequitable conduct.

**Prayer for Relief**

WHEREFORE, Cirkul respectfully prays the Court grant the following relief:

(1) That judgment be entered in favor of Cirkul;

(2) That this Court enter an Order declaring that the asserted claims of the ‘869 Patent are invalid;

(3) That this Court enter an Order declaring that the asserted claims of the ‘869 Patent are not infringed by any Cirkul product;

(4) That this Court enter an Order declaring that the ‘869 Patent is unenforceable;

(5) That this Court declare this to be an exceptional case under 35 U.S.C. § 285;

(6) That this Court award Cirkul its costs and fees in this action along with pre-judgment and post-judgment interest; and

(7) That this Court grant Cirkul such other and further relief as it deems

just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38, Cirkul demands a trial by jury as to all issues so triable.

DATED this 13th day of July, 2026.

By /*Mindi M. Richter*/
Mindi M. Richter (Lead Counsel)
Florida Bar No. 0044827
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, Florida 33602
Tel: (813) 227-2254
Email: mrichter@shumaker.com

Ben Hodges (*pro hac forthcoming*)
Foster Garvey PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Tel: (206) 447-4400
Email: Ben.Hodges@foster.com

*Attorneys for Defendant Cirkul, Inc.*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer, Affirmative Defenses and Counterclaims was filed electronically with the Court on July 13, 2026 providing notice to all counsel of record.

/*Mindi M. Richter*/
Mindi M. Richter