**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BLACKTHORN AND CROWN LTD.,

        Plaintiff,                        CASE NO.: 8:26-cv-01730-WFJ-TGW

v.

CIRKUL, INC.,

        Defendant.

_____/

## ANSWER TO COUNTERCLAIMS

Plaintiff, Blackthorn and Crown LTD ("Plaintiff" or "Blackthorn") hereby answers the counterclaims of defendant Cirkul, Inc. ("Defendant" or "Cirkul") as follows. Except as specifically admitted below, Plaintiff denies each and every allegation of the Counterclaim. To the extent the opening paragraph, unnumbered paragraph, or any of the headings of the Counterclaim requires a response, Plaintiff denies such allegations.

### The Parties

1. Upon information and belief, admitted.

2. Admitted.

### Jurisdiction And Venue

3. This paragraph states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the Counterclaims purport to arise under the Declaratory Judgment Act and the patent laws of the United States, and denies any remaining allegations.

4. Admitted with respect to this action only.

1

**Count I: Declaration of Invalidity**

5.    Plaintiff incorporates by reference its responses to the preceding paragraphs.

6.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that this Counterclaim purports to seek declaratory relief pursuant to 28 U.S.C. §§ 2201-2202, and a declaration under the patent laws of the United States that certain claim(s) of the '869 Patent are invalid. Plaintiff denies the remaining allegations of this paragraph.

7.    Admitted.

8.    Admitted.

9.    Plaintiff admits that Cirkul purports to contend that certain asserted claims of the '869 Patent are invalid. Plaintiff denies that Cirkul has provided sufficient information to assert a claim of invalidity of any claim of the '869 Patent.

10.    Admitted.

11.    Denied.

12.    Denied.

13.    Denied.

**Count II: Declaration of Non-Infringement**

14.    Plaintiff incorporates by reference its responses to preceding paragraphs 1-4.

15.    Denied.

**Count III: Declaration of Unenforceability of the '869 Patent**

16.    Plaintiff incorporates by reference its responses to preceding paragraphs 1-4.

17.    Admitted.

18.     Plaintiff admits that Samantha Claire Brook-Chrispin's counsel was substantively involved in the prosecution of the '869 Patent but denies the remaining allegations of this paragraph.

19.     Plaintiff admits that Samantha Claire Brook-Chrispin was subject to the requirements of 37 CFR 1.56 but denies the remaining allegations of this paragraph.

20.     Admitted.

21.     Admitted.

22.     Denied.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

27.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

28.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

29.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

30.     Denied.

31.     Admitted.

32.     Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies those allegations.

3

33.    Denied.

34.    Denied.

## PRAYER FOR RELIEF

Plaintiff denies that Cirkul is entitled to any relief whosoever, either as prayed for in the

Counterclaim or otherwise.

## AFFIRMATIVE/ADDITIONAL DEFENSES

As separate and additional defenses to the Counterclaim, and without suggesting or

conceding that any of the following necessarily must be pled as an affirmative defense or that it

has the burden of proof on any such defenses, Plaintiff alleges as follows:

### FIRST ADDITIONAL DEFENSE
### (Failure to State a Claim)

The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE
### (No Exceptional Case)

Cirkul has failed to allege facts sufficient to establish that this case is exceptional under

35 U.S.C. § 285 or that Cirkul is entitled to attorneys' fees, costs, interest, or any other

extraordinary relief.

### THIRD ADDITIONAL DEFENSE
### (Duplicative Declaratory Relief)

The Counterclaims seek declaratory relief that is duplicative of issues already presented

by Plaintiff's claims and Cirkul's defenses, and Cirkul is not entitled to declaratory relief except

as may be warranted by the facts and applicable law.

### FOURTH ADDITIONAL DEFENSE
### (Validity and Enforceability of the '869 Patent)

The '869 Patent and all its claims are valid and enforceable under all applicable

4

provisions of Title 35 of the United States Code. A patent is presumed valid under 35 U.S.C. § 282, and Cirkul bears the burden of proving invalidity by clear and convincing evidence. Cirkul cannot meet that burden.

## FIFTH ADDITIONAL DEFENSE
### (Prior Art Does Not Anticipate or Render Obvious)

The references referred to in Cirkul's Counterclaims—alone or in combination—fail to disclose, teach, or suggest each and every limitation of any claim of the '869 Patent. The cited references therefore do not anticipate or render obvious any claim of the '869 Patent under 35 U.S.C. §§ 102 or 103.

## SIXTH ADDITIONAL DEFENSE
### (Infringement)

Cirkul's accused product infringes one or more valid and enforceable claims of the '869 Patent directly and/or indirectly, literally and/or under the doctrine of equivalents. Cirkul is therefore not entitled to the declaratory relief it seeks.

## RESERVATION OF ADDITIONAL DEFENSES

Plaintiff reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff / Counterclaim-Defendant Blackthorn and Crown LTD. respectfully requests that this Court enter judgment as follows:

A. Deny all relief sought by Cirkul in its Counterclaims;

B. Dismiss Cirkul's Counterclaims with prejudice;

C. Enter judgment in favor of Plaintiff on all claims asserted in Plaintiff's Complaint;

D. Declare that Cirkul's accused product(s) infringes one or more valid and enforceable claims of the '869 Patent;

5

E. Declare that the '869 Patent is valid and enforceable;

F. Award Plaintiff damages adequate to compensate it for Cirkul's infringement, including any enhanced damages for willful infringement, together with pre- and post-judgment interest and costs, pursuant to 35 U.S.C. §§ 284 and 285;

G. Award Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

H. Grant Plaintiff preliminary and permanent injunctive relief enjoining Cirkul and its agents, officers, employees, representatives, successors, assigns, and all persons acting in concert or participation with Cirkul from further infringing the '869 Patent; and

I. Award Plaintiff such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: August 3, 2026

/s/    *Mark C. Johnson*
Mark C. Johnson (OH 0072625)
(*Pro Hac Vice*)
Sarah L. Boone (OH 098880)
(*Pro Hac Vice*)
RENNER OTTO
1621 Euclid Avenue, Floor 19
Cleveland, Ohio 44113
(216) 736-3170
(216) 621-6165 (Facsimile)
mjohnson@rennerotto.com
sboone@rennerotto.com

Lead Counsel for Plaintiff,
Blackthorn and Crown Ltd.

and

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965

FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
(813) 229-0046 (Facsimile)
rfee@feejeffries.com
kwade@feejeffries.com
bszabo@feejeffries.com

Local Counsel for Plaintiff,
Blackthorn and Crown Ltd.